IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARTIN C. ABELL, #311-293
    Plaintiff                     :

    v.                           : CIVIL ACTION NO. WDQ-13-1161

LT. DALE SMITH[1]                :
    Defendant

### MEMORANDUM OPINION

For the following reasons, the unopposed Motion to Dismiss or in the Alternative Motion for Summary Judgment filed on behalf of Defendant Smith (ECF No. 10),[2] construed as a Motion for Summary Judgment, will be granted. The Court has determined that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011).

### Background

Martin C. Abell ("Abell"), who is self-represented, seeks money damages pursuant to 42 U.S.C. § 1983 and alleges that around 11:15 p.m. during the 11-to-7 shift on November 29, 2012, "Corporal Goomer"[3] ignored his complaint of chest pain. Abell received no care until a "Sgt. Green" came on the tier and took action to move Abell to the prison infirmary. Abell claims that as a result of Goomer's failure to act, Abell "was admitted to the infirmary for 5 days." ECF No. 1 at 3. Although Defendant Smith is named in the caption of the Complaint, Abell provides no evidence that Smith was involved in any manner in the November 29, 2012 incident.

---

[1] The Clerk shall amend the docket to reflect the full spelling of Defendant Smith's name.

[2] The record shows that Abell was served with notice of Defendant's filing pursuant to the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF 11. As of the within signature date, no opposition response has been filed.

[3] Based on the record, it appears that this individual is Correctional Officer Robert Gomer. ECF No. 10-4.

## Standard of Review

Under Fed. R. Civ. P. 56(a), "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [its] favor." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The Court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

## Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention, but failed to either provide it or ensure the needed care was available. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

There is no doubt that Abell, a diabetic who has undergone bypass surgery and regularly takes nitroglycerin for chest pain, has a serious medical condition. *See* Medical Record, ECF No. 10-3 at 22, 34. The question to be answered is whether corrections staff on November 29, 2012, exhibited "subjective recklessness" in the face of Abell's complaints of chest pain. *Farmer*, 511 U.S. at 839-40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n.2 (4th Cir. 1997). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

As noted above, Abell names Defendant Smith in the caption of his Complaint, but provides no information to support a claim against him. Smith, who was not working at North Branch Correctional Institution ("NBCI") on November 29, 2012,[4] is therefore dismissed from this lawsuit. Abell's Complaint alleges that Officer Robert Gomer ignored his request for medical attention. ECF No. 1 at 3. Gomer, however, was not on duty at that time. ECF No. 10-2 at 5. Gomer further denies impeding Abell's access to medical care at any time. ECF No. 10-4 at 1 ¶ 4.

The Court's inquiry, however, does not end there. Examination of the medical record demonstrates that Abell was seen at Bon Secours for chest pain on November 2, 2012, and is described as a 60-year-old man with known coronary disease, including heart attacks. ECF No. 10-3 at 1. He was brought to the prison infirmary for chest pain on November 27, 2012, admitted, and discharged the next day. *Id.* at 21-22, 31, 33.

Abell returned to the infirmary on November 29, 2012 at 6:15 p.m., where he remained until December 3, 2012. ECF No. 10-3 at 39, 41-64, 66. A sinus infection may have been

---

[4] ECF No. 10-2 at 5.

responsible for several episodes of vomiting. *Id.* at 42, 55, 63. Acid reflux and digestive distress were also thought to be the cause of at least some of his symptoms. *Id.* The record demonstrates that he continued to frequent the infirmary due to "flutters," chest pains, and other ailments. Nothing in the record suggests that any delay in delivering him to the infirmary from his cell on November 29, 2012, occurred, or that if it occurred, had any impact on his treatment or well-being.

Summary judgment is appropriate. A separate Order shall be entered in accordance with this opinion.

_5/22/14_
Date

_____
William D. Quarles, Jr.
United States District Judge